United States District Court
for the
Southern District of Florida

| | |
|---|---|
| David Q. Webb, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23122-Civ-Scola |
| | ) |
| Miami-Dade County Government, | ) |
| et al., Defendants. | ) |

**Order Granting Motion to Proceed**
***In Forma Pauperis* and Striking Complaint**

This matter is before the Court upon the Plaintiff David Q. Webb's ("Webb") application to proceed *in forma pauperis* (ECF No. 3) and motion for referral to a volunteer attorney program (ECF No. 5). Webb has sued multiple state government and private agencies and figures, seeking exclusively monetary relief. (Compl., ECF No. 1.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Webb's motion to proceed without prepaying his fees or costs. (**ECF No. 3**.) However, at the same time, the Court **strikes** his complaint (**ECF No. 1**), with leave to amend, finding it to be a shotgun pleading, and **denies** his motion for referral to a volunteer attorney program (**ECF No. 5**), without prejudice.

Webb's complaint appears to arise from a dispute relating to the denial of his application for Permanent Supportive Housing. (*See generally* Compl., ECF No. 1.) The legal and factual bases for Webb's complaint, however, are not entirely clear. Among the causes of actions or claims Webb identifies are the following: discrimination in violation of Title VI of the Civil Rights Act; violations of the False Claims Act; violations of the Americans with Disabilities Act; deprivation of rights pursuant to 42 U.S.C. § 1983; deliberate indifference to medical needs; vicarious liability under Florida law; and violations of the Fourth and Fourteenth Amendments, and other constitutional rights. Webb brings these claims against sixteen different Defendants, all seemingly affiliated to either the Miami-Dade County government or Camillus House, Inc., a non-profit organization that provides humanitarian services to persons experiencing homelessness.

As a result of his claims against the Defendants, Webb seeks in excess of $8.8 million in monetary damages. (*Id.* at 35.) The facts supporting these claims are not discernible. As best the Court can ascertain, Webb's grievances stem from, among other things, his being denied access to federal housing

programs, and, specifically, to the Shepherd's Court Apartments, a residential community forming part of Camillus House. (*See, e.g., id.* at 6, 10.)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8 and 10, "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court should strike the pleading and instruct the party to replead the case, assuming the litigant can "in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a pro se litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015).

Importantly, as here, "[a] 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." *LaCroix*, 627 Fed. App'x at 818 (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)). A typically confusing aspect of many shotgun pleadings involving multiple defendants is the lumping together of all those defendants within the same count. This problem is particularly acute in this case, where Webb seems to be alleging each purported cause of action against all the Defendants named in this case, en masse, without specifying which acts each Defendant is individually responsible for. (*See, e.g.*, Compl. 6, ECF No. 1 (specifying that the "Claims [are] Alleged Against Each Defendant:").) This makes it impossible for the Defendants, or the Court, to ascertain exactly what Webb is claiming each Defendant actually did. Relatedly, the complaint repeatedly incorporates antecedent allegations into subsequent claims for relief (*see id.* at 12, 15, 16), making it a classic example of a shotgun pleading. *See Abdulla v. S. Bank*, No. 22-12037, 2023 U.S. App.

LEXIS 9187, at *5 (11th Cir. Apr. 18, 2023) ("[A] complaint with many counts that incorporate all preceding counts is a shotgun complaint." (citing *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1330-31 n.22, 95 Fed. App'x. 1320 (11th Cir. 2004))). Furthermore, Webb's complaint is mostly devoid of any actual facts, setting forth identifiable, fact-based support, for any particular allegations of wrongdoing. To fix these problems, the complaint must contain specific allegations with respect to each Defendant, separating the distinct allegations against the various Defendants into separate counts, which must each identify a particular cause of action.

In sum, then, Webb's allegations make it nearly impossible for the Court to discern (1) which allegations apply to which claims; (2) what causes of actions are alleged and as to which Defendants; and (3) what facts support Webb's allegations of wrongdoing. In other words, the complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up). Instead, the complaint supplies only a loose association of wrongs and unexplained injuries, without sorting any discernable facts into a comprehensible narrative as to each Defendant's actual specific liability.

Accordingly, the Court **strikes** Webb's complaint (ECF No. 1) and instructs him to **replead** his case though an amended complaint, if he can, in good faith, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them. Webb is cautioned to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action. Further, in compliance with Federal Rule of Civil Procedure 10(b), Webb must state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs Webb to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims, and to ensure that he endeavors to separate different causes of actions, to the extent there is more than one, into separate, numbered counts.

Webb must file his amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **September 8, 2023**. Webb is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend.

In addition, because the Court has stricken Webb's complaint as a shotgun pleading, it **denies** his motion for referral to a volunteer attorney program (**ECF No. 5**), without prejudice. Should Webb file an amended complaint that complies with the instant order, he may renew his motion for referral to a volunteer attorney program at that time.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not including Webb's motion to proceed *in forma pauperis*, are **denied as moot**.

**Done and ordered** in Miami, Florida, on August 25, 2023.

Robert N. Scola, Jr.
United States District Judge

Case 1:23-cv-23122-RNS Document 6 Entered on FLSD Docket 08/25/2023 Page 5 of 5