United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| David Q. Webb, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-23122-Civ-Scola |
| | ) | |
| Miami-Dade County Government, et al., Defendants. | ) ) | |

## Order of Dismissal

    This matter is before the Court upon an independent review of the record. Previously, the Court ordered the Plaintiff David Q. Webb, proceeding pro se, to file an amended complaint because his initial complaint amounted to a shotgun pleading. (ECF No. 6.) In doing so, the Court warned Webb that if he failed to remedy the defects in his pleading, his amended complaint would be dismissed, without further leave to amend. Although Webb timely filed an amended complaint (ECF No. 7), he fails to appreciably address the pleading deficiencies previously identified in the Court's order. Accordingly, the Court **dismisses** this case **without prejudice**.

    Preliminarily, the Court notes that Webb has been inappropriately flooding the Court with submissions. In disregard of the Court's instructions, Webb has filed not one, but three purportedly amended complaints. (ECF Nos. 7, 9, 11.) Webb has not sought any sort of leave from the Court to modify or supplement his original amended pleading, and Webb's third submission was filed after the September 8, 2023, deadline specified in the Court's order. In the same time frame, Webb has filed three separate motions for referral to a volunteer attorney program (ECF Nos. 8, 15, 16) and two emergency motions for injunctive relief (ECF Nos. 10, 13). In addition to violating the Court's orders and procedural rules, these submissions are improper because they inordinately burden the Court's resources by requiring it to review and consider disorganized and largely repetitive materials. Nonetheless, in consideration of Webb's status as a pro se litigant and elderly individual, the Court has reviewed all his submissions in detail.

    No matter how carefully the Court parses through Webb's amended allegations, however, the result is the same. Webb has failed to heed the Court's admonitions regarding the form of his complaint which continues to qualify as a shotgun pleading. "A 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and

10(b)." *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)). As before, the legal and factual bases for Webb's complaint are not entirely clear, and the facts supporting his claims are not discernible. Again, Webb's allegations are comprised of conclusory allegations, intermingled with disconnected facts, presented along a disjointed timeline of events.

Moreover, Webb has also failed to adequately address the specific issues highlighted in the Court's order striking his initial complaint. For example, the Court explained that Webb's original complaint inappropriately lumped together multiple Defendants into the same count and, indeed, seemed to be alleging each purported cause of action against all the Defendants en masse. Instead of adhering to the Court's instruction "to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action" (*see* Order at 3, ECF No. 6), it seems that Webb has attempted to address the issue by merely copying and pasting the exact same allegations for different Defendants. (*See, e.g.*, Am. Compl. ¶¶ 5–10, ECF No. 7.) In this way, Webb has completely ignored the Court's instruction to plead facts tethered to his claims against each specific Defendant.

Similarly, while the Court explained to Webb that his claims must appear in numbered paragraphs, "each limited as far as practicable to a single set of circumstances, Fed. R. Civ. P. 10(b)," Webb's amended allegations are replete with extensive paragraphs in which he makes numerous accusations. (*See* Order at 2, ECF No. 6.) As just one example, in alleging that the Defendant Camillus House, Inc. is committing violations of Title VI of the Civil Rights Act of 1964, Webb states that "Camillus House received $12.6 Million . . . from the Miami-Dade County Homeless Trust," that it was also "[a]warded $21.21 Million from the United States Department of Housing & Urban Development Deputy Secretary," *and* that "the Miami-Dade County Government through Mayor Danielle Levine Cava gave another $25 Million to the Miami-Dade County Homeless Trust." (Am. Compl. ¶ 7, ECF No. 7 (cleaned up).) Webb fails to provide any information as to the significance of each of these purported monetary contributions or to otherwise establish their connection to his claims.

The foregoing are just a few, salient, examples of how Webb's amended complaint has failed to shed the key characteristics of a shotgun pleading. In short, Webb has ignored the instructions in the Court's prior order striking the original complaint, and his allegations once again make it nearly impossible for the Court to discern (1) which allegations apply to which claims; (2) what causes of actions are alleged and as to which Defendants; and (3) what facts support Webb's allegations of wrongdoing. Based on the Webb's refusal to

address the deficiencies identified in the Court's prior order and the once again incomprehensible nature of the amended complaint, the Court now dismisses Webb's amended complaint as a shotgun pleading. *See Foreman v. City of Fort Lauderdale*, No. 22-61846-CIV, 2022 U.S. Dist. LEXIS 196681, 2022 WL 16540180, at *2-3 (S.D. Fla. Oct. 28, 2022) (Ruiz, J.) (sua sponte dismissing amended complaint as a shotgun pleading where pro se plaintiff failed to comply with the court's prior order requiring the plaintiff to amend the original complaint to comply with the Federal Rules of Civil Procedure's pleading requirements).

Accordingly, the Court **dismisses** Webb's amended complaint as a shotgun pleading, albeit **without prejudice**. (*See* **ECF Nos. 7, 9, 11**.)  As a result, this case is to remain **closed**. In addition, because the Court has dismissed Webb's amended complaint as a shotgun pleading, it **denies** his motions for referral to a volunteer attorney program as moot because Webb has not filed a complaint that sufficiently establishes how he can validly proceed with this litigation. (**ECF No. 8, 15, 16**.)

**Done and ordered** in Miami, Florida, on September 26, 2023.

_____
Robert N. Scola, Jr.
United States District Judge